1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO C. HERNANDEZ; PATRICIA A. HERNANDEZ,<br><br>                                    Plaintiffs,<br><br>        vs.<br><br>CALIFORNIA RECONVEYANCE COMPANY; LONG BEACH MORTGAGE COMPANY; WASHINGTON MUTUAL F.,.P; PACIFIC MORTGAGE PARTNERS, INC. & DOES,<br><br>                                    Defendants. | CASE NO. 09cv1960 JM(BLM)<br><br>ORDER GRANTING MOTION TO DISMISS; GRANTING LEAVE TO AMEND |

Defendant JP Morgan Chase Bank, N.A. ("Morgan") moves to dismiss the First Amended Complaint ("FAC") for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and to expunge the recorded <u>lis pendens</u> on the property.  Plaintiffs Francisco and Patricia Hernandez oppose the motion to dismiss and, on April 27, 2010, Plaintiffs filed a Notice of Voluntary Withdrawal of the <u>lis pendens</u> thus mooting the motion to expunge.  Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument.  For the reasons set forth below, the court grants the motion to dismiss the federal claims, declines to address the state law claims until Plaintiffs set forth a viable federal claim, and grants Plaintiffs 15 days' leave to amend from the date of entry of this order.

/ / /

**BACKGROUND**

On September 8, 2009, Plaintiffs commenced this foreclosure action by alleging two federal claims for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§1601-1666j, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2605(e) and five state-law claims for intentional misrepresentation, fraudulent concealment, breach of fiduciary duty, constructive fraud, and quiet title. Morgan appears as the purchaser of loans and other assets of Washington Mutual Bank, FA ("Washington Mutual") from the Federal Deposit Insurance Corporation, erroneously sued as "Washington Mutual" and "Long Beach Mortgage Company."

Plaintiffs' claims arise from the refinancing of the mortgage on their home. On or about March 31, 2006 Plaintiffs contacted Pacific Mortgage Partners, Inc. ("Pacific") to assist them in obtaining a loan to refinance their real property located in Calexico, California. (FAC ¶6). Plaintiffs allege that defendant Pacific falsely informed Washington Mutual that their income was $15,000 per month, (Compl. ¶8), and that defendants Long Beach Mortgage and Washington Mutual underwrote the loan. (Compl. §§8, 9). On or about June 21, 2006 the loan, in the amount of $433,500, closed. The final TILA disclosure statement allegedly misrepresents the amount of the finance charge. (FAC ¶14). Plaintiffs allege that they mailed a Qualified Written Request ("QWR") to Washington Mutual on February 16, 2009 and that Washington Mutual failed to fully respond to the QWR. (FAC ¶82).

Plaintiffs failed to keep current on the loan and, on Mach 20, 2009, Defendant California Reconveyance Company ("CRC"), acting as agent for the beneficiary of the Deed of Trust, recorded a Notice of Default. (Request for Judicial Notice Exh. B). When Plaintiffs did not cure the default, a Notice of Trustee's Sale was recorded and, on January 14, 2010, the property sold at the Trustee's Sale in the amount of $185,000. (Id. Exh. G).

Morgan now moves to dismiss all federal and state claims. Plaintiffs oppose the motion.

**DISCUSSION**

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a

1   cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  Courts

2   should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to

3   raise a right to relief above the speculative level."  Bell Atlantic Corp v. Twombly, __550 U.S. __, 127

4   S.Ct. 1955 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled

5   to relief); Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) (under Rule 8(a), well-pleaded facts must do more

6   than permit the court to infer the mere possibility of misconduct).  "The plausibility standard is not

7   akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has

8   acted unlawfully."  Id. at 1949.  Thus, "threadbare recitals of the elements of a cause of action,

9   supported by mere conclusory statements, do not suffice."  Id.  The defect must appear on the face of

10  the complaint itself.  Thus, courts may not consider extraneous material in testing its legal adequacy.

11  Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991).  The courts may, however,

12  consider material properly submitted as part of the complaint.  Hal Roach Studios, Inc. v. Richard

13  Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

14          Finally, courts must construe the complaint in the light most favorable to the plaintiff.  Concha

15  v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996).  Accordingly,

16  courts must accept as true all material allegations in the complaint, as well as reasonable inferences

17  to be drawn from them.  Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992).  However,

18  conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6)

19  motion.  In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

20  **The TILA Claim**

21          Morgan persuasively argues that the TILA damages claims are time-barred by TILA's one-

22  year statute of limitations.  15 U.S.C. §1640(e).  TILA requires that any damages claim based upon

23  the alleged failure to make the required disclosures be brought within one year from the date the loan

24  documents were signed.  Meyer v. Ameriquest Mort. Co., 342 F.3d 899, 902 (9th Cir. 2003).  As

25  Plaintiffs executed the loan documents on June 21, 2006, (FAC ¶10), the commencement of the

26  present action on September 8, 2009 bars the present damages claims. While equitable tolling

27  principles may apply to damages claims under §1640(e), King v. California, 784 F.2d 910, 915 (9th

28  Cir. 1986), Plaintiffs fail to set forth sufficient allegations to establish equitable tolling of the statute

1    of limitations.[1]

2          In opposing the dismissal of the TILA damages claim, Plaintiffs argue that the statute of

3    limitations was equitably tolled as the true potential cost of an adjustable rate mortgage is extremely

4    difficult to calculate because (1) the interest rate constantly adjusts to a floating index and (2) only

5    mortgage professionals can determine the true cost of an adjustable rate loan, and Plaintiffs did not

6    do that analysis until January 16, 2009.  (Oppo. at p.6:11-19).  The court rejects these arguments as

7    a basis to equitably toll the TILA statute of limitations.  To equitably toll the statute of limitations,

8    Plaintiffs' burden is to set forth sufficient allegations to show that "despite diligent investigation of

9    the circumstances of the injury, [the party] could not have reasonably discovered facts supporting the

10   cause of action within the applicable statute of limitations period."  Kelly v. Countrywide Home

11   Loans, 2009 U.S. Dist. LEXIS 99566, at *13 (E.D. Cal. Oct 26. 2009) (quoting Fox v. Ethicon Endo-

12   Surgery, Inc., 35 Cal.4th 797, 809 (2005)).  Here, Plaintiffs allege that they did not seek to determine

13   the cost of the loan until 18 months after TILA's statute of limitations expired.  (FAC ¶20).  There are

14   simply no pertinent allegations that Plaintiffs acted diligently to discover any alleged TILA violations.

15   Consequently, the court dismisses the TILA damages claim.

16         Morgan also moves to dismiss any potential TILA rescission claim.  The court notes that the

17   FAC apparently does not specifically seek to rescind the loan, (FAC. ¶¶ 64 - 76; Prayer for Relief at

18   p.21).  With respect to the TILA rescission claim, the court concludes that this claim is also time-

19   barred by TILA's three-year statute of limitations.  15 U.S.C. §1635(f) ("An obligor's right of

20   rescission shall expire three years after the date of consummation of the transaction.")  The Supreme

21   Court has held that "section 1635(f) completely extinguishes the right of rescission at the end of the

22   three-year period."  Beach v. Ocwen Federal Bank, 523 U.S. 410, 412 (1998).  Section "1635(f) is a

23   statute of repose, depriving the courts of subject matter jurisdiction when a §1635 claim is brought

24   outside the three-year limitation period."  Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th

25   Cir. 2002); Taylor v. Money Store, 42 Fed.Appx. 932 (9th Cir. 2002) ("Equitable tolling does not

26   _____

27        [1] The court notes that the FAC alleges that Plaintiffs were not aware of the alleged TILA

28   violations until about January 16, 2009.  (FAC ¶76).  However, there are no allegations that Morgan
     fraudulently concealed any material facts or that Plaintiffs acted with reasonable diligence in
     discovering the alleged TILA violations.

apply to rescission under [§1635(f)] of TILA.").  As Plaintiffs executed the loan documents on June 21, 2006, (FAC ¶10), the commencement of the present action over three  years later on September 8, 2009, (Docket No. 1), bars the claim for rescission.

In sum, the court grants the motion to dismiss the TILA claims.

**RESPA**

Plaintiffs allege that Morgan violated 12 U.S.C. §2605(e), the section of RESPA requiring loan servicers to respond to borrower inquiries.  Plaintiffs allege that their counsel sent a valid RESPA QWR via certified mail to Washington Mutual. (FAC ¶81).  Washington Mutual responded to the QWR but Plaintiffs allege that it

> did not fully provide the requested information including the current party claiming a beneficial interest in the note, the identity of all holders of the note secured by the deed of trust, the calculation of the principal and interest, information on the appointment of the trustee and all substitute trustees, documentation of all assignments, transfers or sale of the note, copies of all checks or other evidence of payments made by the Plaintiffs, all debits and credits to the Plaintiffs' accounts, documentation of all mortgage assignments and an accounting of all attorney's fees, [and] costs.

(FAC ¶82).  As a consequence of the failure to fully respond to the QWR, Plaintiffs allege that they could not tell "if there even exits a current underlying obligation secured by the deed of trust" and "believe that their note may have already been paid by a third party either through a government program or through private mortgage or other counter party insurance." Id.  The court concludes that these conclusory and speculative allegations are insufficient to state a claim for RESPA relief.  By alleging that Morgan did not "fully provide" the laundry list of requested information such that they could not determine if they owed any money on the defaulted loan or that a "third party," unbeknownst to Plaintiffs, may have paid off the indebtedness in full are simply too speculative to state a claim.

Furthermore, the allegations of a RESPA QWR claim must show that the RESPA violation proximately caused Plaintiffs' damages.  See In re Tomasevic, 275 B.R. 102, 117 (Bankr. M.D. Fla. 2001).  Here, Plaintiffs fail to identify how they have been damaged by Washington Mutual's failure to fully respond to the QWR.  Plaintiffs simply fail "to raise a right to relief above the speculative level."  Twombly, 127 S.Ct. 1955.  Accordingly, the court grants the motion to dismiss the RESPA claim.

1      In sum, the court grants the motion to dismiss the federal claims.

2  **The State-Law Claims**

3      Plaintiffs allege state-law claims for intentional misrepresentation, fraudulent concealment,

4  breach of fiduciary duty, constructive fraud and quiet title. The court, however, presently declines to

5  reach the merits of Plaintiffs' state-law claims until there is a viable federal claim.  In the event

6  Plaintiffs fail to state a federal claim in the Second Amended Complaint for anything other than a

7  RESPA QWR claim, the parties are advised that the court may request further briefing on whether the

8  court should decline to exercise supplemental jurisdiction over the state-law claims under 28 U.S.C.

9  §1367(c)(2) (court may decline to exercise supplemental jurisdiction over state-law claims where such

10  state-law claims predominate).

11      In sum, the court dismisses all federal claims, declines to reach the state-law claims, and grants

12  Plaintiffs 15 days' leave to amend from the date of entry of this order.

13      **IT IS SO ORDERED.**

14  DATED:  May 10, 2010

15  _____

16  Hon. Jeffrey T. Miller
   United States District Judge

17  cc:          All parties

18

19

20

21

22

23

24

25

26

27

28